IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 6 2005

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

CURTIS LEON STUART,

    Plaintiff,

v.

CHIEF JUDGE JOYCE BIHARY,

    Defendant.

CIVIL ACTION NO.

1:05-CV-02548-JEC

### O R D E R

This case is presently before the Court on plaintiff's Motion to Withdraw Reference [1]; plaintiff's Motion for Recusal [2]; defendant's Motion to Dismiss [3]; and defendant's Motion for Relief From Local Rules 16.2 and 26.1 [4]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Withdraw Reference should be **DENIED**; plaintiff's Motion for Recusal should be **DENIED**; defendant's Motion to Dismiss should be **GRANTED**; AND Defendant's Motion for Relief From Local Rules 16.2 and 26.1 should be **GRANTED**.

AO 72A
(Rev.8/82)

# **B A C K G R O U N D**

## I.   Factual Background

Plaintiff, appearing *pro se*, has initiated this action against The Honorable Joyce Bihary, Chief Judge, Bankruptcy Court, Northern District of Georgia, who presided over four *pro se* Chapter 11 cases filed by plaintiff. A brief summary of the events in the bankruptcy court shed some light on plaintiff's filings with this court, which pleadings consist largely of vague generalities and hyperbolic characterizations of Judge Bihary's rulings.[1]

Plaintiff filed his first bankruptcy case, Case No. 04-97234, on October 5, 2004. (Order and Notice of Hearing ("Notice"), attach. to Mot. as Ex. 1, at 3.) The bankruptcy court granted plaintiff's

---

[1] For example, in plaintiff's motion styled "Demand for Recusal of Cheif [sic] Judge Joyce Bihary for High Treason Violation of Oaths of Office; Aiding and Abetting as Accessory After the Fact and for Prosecution Under Title 18 Sect. 1964(A)," a typical passage reads as follows:

> This Plaintiff petitions this Court to review and dissolve this JUDGES racketeering racket and aiding and abetting others to abrogate, hinder, theft, and relinquishing unwitting and unsuspecting petitioners within her court in CRIMES AGAINST JUSTICE. This Petitioner petitions this panel review under said issues under the Fed. R. Civ. P. Chapter 53 of Title 18 sect. 5301 of official oppression, which states "if any government official who misuses their office answer to [to violate or infringe any personal or private right] or the excuse or enjoyment of any right, privilege, power or immunity of another person] has acted in violation of Criminal Law [sic].

(Mot. For Recusal [2] at 2.)

application to pay the filing fee in installments. (*Id.*) When plaintiff failed to pay the second filing fee installment on time, the Clerk's office served a Deficiency Notice on plaintiff, and provided additional time for him to make the payment. (*Id.*) Plaintiff failed to make the payment, and the bankruptcy court dismissed his case for failure to pay the filing fee on November 30, 2004. (*Id.* at 4.) Plaintiff then filed an application to appear *in forma pauperis*, which the court denied on December 15, 2004, pursuant to *U. S. v. Kras*, 409 U.S. 434 (1973) (holding that *in forma pauperis* is not available in bankruptcy). (Notice at 4.)

Plaintiff filed his second bankruptcy case, Case No. 05-90742, on February 1, 2005, along with a $20.00 payment toward the $839.00 filing fee and an application to pay the fee in installments. (*Id.*) The bankruptcy court denied plaintiff's application for installment payments because he had failed to pay the full filing fee in his first case. The Court ordered plaintiff to pay the balance of the filing fee within 10 days. Failure to do so would cause the case to stand dismissed and the automatic stay would be annulled *ab initio* from the date the case was filed. (*Id.*) This order was affirmed on appeal by the district court on May 11, 2005. (*Id.*) (*Stuart v. U.S. Trustee,* 1:03-CV-716-WBH at [3]). Thereafter, the bankruptcy court entered an Order on June 30, 2005, dismissing the case and stating

3

that plaintiff's creditors were entitled to pursue state law rights and remedies in a non-bankruptcy forum. (*Id.*)

On September 6, 2005, plaintiff filed yet another Chapter 11 case, Case No. 05-95809, along with a $30.00 payment and another application to pay the filing fee in installments. (*Id.* at 5.) On September 13, 2005, the bankruptcy court entered an order denying plaintiff's application to pay the filing fee in installments, requiring plaintiff to pay the balance of the fee within 10 days. (*Id.*) Plaintiff failed to do so.[2] (*Id.*)

In the meantime, Washington Mutual Bank, F.A. ("Washington Mutual") filed a motion, on September 9, 2005, to annul the automatic stay and to validate a foreclosure sale that took place on September 6, 2005. (*Id.* at 1.) The court scheduled a hearing on the motion for October 3, 2005 at 11:00 A.M., notice of which was served upon plaintiff. (*Id.*) Although Judge Bihary and Washington Mutual's counsel waited for plaintiff until 11:50 A.M., plaintiff never appeared. (*Id.*) Instead, on the afternoon of October 3, 2005, plaintiff filed the two motions that gave rise to the docketing of a case in this Court. (*Id.* at 2.) Additionally, plaintiff filed the

---

[2] Although the Bankruptcy Court could have dismissed for failure to pay the filing fee, Judge Bihary has instead held the case open on the United States Trustee's Motion to Dismiss with Prejudice. (Notice at 5.)

4

same two documents with the bankruptcy court and yet another *pro se* Chapter 11 case, Case No. 05-96715. (*Id.*)

## II. Procedural Background

Plaintiff, appearing *pro se*, has initiated this action by filing two documents, one titled, in short, a "Demand for Recusal" and the other a "Notice of Removal." The filings were docketed in this Court as a Motion to Withdraw Reference and a Motion for Recusal. Defendant has moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) on November 7, 2005. Plaintiff has not filed a response to Defendant's motion within the 10 day deadline required by local rules. L.R. 7.1B, NDGa. Accordingly, the motions are deemed to be unopposed and could be granted on this basis. (*Id.*) Nevertheless, as plaintiff's motions are without basis, the Court also **DENIES** these motions for the following reasons.

## DISCUSSION

Plaintiff's first filing with the court, titled "Notice of Removal of Bankruptcy Case No. 05-95809-JB to the District Court for the Northern District Atlanta Division," was docketed as a motion to withdraw the district court's reference of plaintiff's case to the bankruptcy court. To the extent that this document can be construed as a motion to have the case moved out of Judge Bihary's court and into the district court, designation as a Motion to Withdraw Reference is appropriate. *See Lundgren v. McDaniel*, 814 F.2d 600,

5

604 (11th Cir. 1987) ("[A]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction.").

A motion to withdraw a proceeding from bankruptcy court may be granted "for cause shown," 28 U.S.C. § 157(d)(2005), or if the district court "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Plaintiff's motion, however, does not state a legal or factual basis alleging any cause to withdraw the case from the bankruptcy court, and this Court finds that there is no reasonable basis to grant the motion.

Plaintiff's second filing with the Court is titled "Demand for Recusal of Chief [sic] Judge Joyce Bihary for High Treason Violation of Oaths of Office; Aiding and Abetting as Accessory After the Fact and for Prosecution Under Title 18 Sect. 1964(A)." Plaintiff also filed this motion in the bankruptcy court. (Notice at 2.) Judge Bihary, construing the filing as a motion to recuse, denied the motion in a five-page order on November 3, 2005. (*See generally* Notice). Denial of a motion to recuse is an interlocutory order that cannot be appealed to the district court until final judgment. *See* 28 U.S.C. § 158(a); *Loranger v. Stierheim*, 3 F.3d 356 (11th Cir.

6

1993), *rev'd on other grounds by* 10 F.3d 776 (11th Cir. 1994) (per curiam).

Although plaintiff has captioned his two documents as motions, a liberal construction of the *pro se* litigant's filings counsels in favor of the Court also treating the filings as a civil complaint against Judge Bihary. Having similarly construed plaintiff's filings, defendant has moved to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim for which relief can be granted.

A party moving for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted carries the burden of proving that no claim has been stated. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996) (internal citations omitted). For purposes of a Rule 12(b)(6) motion, the Court may consider only those facts alleged in the pleadings and their exhibits. The Court accepts the facts as alleged by plaintiff to be true, drawing all reasonable inferences in plaintiff's favor. *Id.* at 349-50; *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss ... the allegations of the complaint should be construed favorably to the pleader." *Taylor v. Ledbetter*, 818 F.2d 791, 794 n.4 (11th Cir. 1987). In the case of a *pro se* action, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

As plaintiff's filings with the Court contain little in the way of cogent exposition, the Court has cited information from Defendant's filings in the background section, *supra*, although only for the limited purpose of putting the matter into context. For the purpose of deciding the pending Rule 12(b)(6) motion, the Court considers only those facts alleged within the four corners of plaintiff's two filings with the Court.

The only specific acts of which plaintiff complains are (1) that Judge Bihary set a hearing on October 3, 2005, but that this date was not listed on the Judge's open calendar and (2) that plaintiff did not know of the October 3, 2005 hearing. These allegations do not state a legal claim against Judge Bihary. Even if true, plaintiff's proper recourse is to seek appellate review of Judge Bihary's decisions, not to sue Judge Bihary. As noted at length in the Motion

AO 72A
(Rev.8/82)

to Dismiss, Judge Bihary is protected by judicial immunity for a civil suit filed as a result of actions taken by her in her judicial capacity. (See *Mireles v. Waco*, 502 U.S. 9, 9 (1991); see also *Forrester v. White*, 484 U.S. 219, 227-229 (1988).)

The rest of plaintiff's complaint consists of unsupported, conclusory statements that Judge Bihary acted in bad faith in presiding over plaintiff's bankruptcy case. Plaintiff, offering no evidence or facts to support his assertions, claims that Judge Bihary committed treason, fraud, and violated her oath of office.[3] Even under the liberal standards of FED. R. CIV. P. 8, these sweeping, unsupported allegations do not state a legal claim against Judge Bihary.[4]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion to Withdraw Reference [1]; **DENIES** plaintiff's Motion to Recuse [2]; **GRANTS** defendant's Motion to Dismiss [3]; AND **GRANTS** defendant's

---

[3] For example, plaintiff claims that Judge Bihary was "running a racket" by conducting unlawful proceedings "resulting in countless void judgments and unlawful dismissals of Bankruptcy Cases within her court." (Mot. to Recuse at 4.) This statement is wholly unsubstantiated by plaintiff's own filings. Moreover, plaintiff does not have standing to sue for the "void judgments and unlawful dismissals" of the bankruptcy cases of others.

[4] Furthermore, FED. R. CIV. P. 9(b) requires that allegations of fraud must be pled with particularity.

9

AO 72A
(Rev.8/82)

Motion for Relief From Local Rules 16.2 and 26.1 [4]. The Clerk is directed to close this action.

SO ORDERED, this 12 day of December, 2005.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE